# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 3, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CARMON D. BURNS,**
**Claimant Below, Petitioner**

**vs.)  No. 14-0489** (BOR Appeal No. 2048950)
(Claim No. 2006005892)

**PINE RIDGE COAL COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Carmon D. Burns, by Wendle D. Cook, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pine Ridge Coal Company, LLC, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 21, 2014, in which the Board affirmed an October 29, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 12, 2012, decision which found Mr. Burns was fully compensated by his prior 15% permanent partial disability award for occupational pneumoconiosis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Burns, a coal miner, developed occupational pneumoconiosis in the course of his employment. The Occupational Pneumoconiosis Board determined on March 30, 2006, that Mr. Burns had thirty-four years of exposure to occupational dust and had developed no more than 15% impairment due to occupational pneumoconiosis. The award was presumptive as his x-rays showed insufficient pleural or parenchymal changes to make a diagnosis of occupational pneumoconiosis. Gregory Fino, M.D., performed a record review on August 14, 2007, in which

1

he noted that Mr. Burns's occupational history was sufficient to cause occupational pneumoconiosis, and his smoking history was sufficient to cause obstructive lung disease and bronchospasm. He noted that Mr. Burns did not have positive bronchodilator responses; however, a lack of response to bronchodilators does not mean there is no bronchospasm. Dr. Fino concluded that he had no more than 15% impairment due to occupational pneumoconiosis.

On June 18, 2008, the Occupational Pneumoconiosis Board testified in a hearing before the Office of Judges. Johnsey Leef, M.D., testified, on behalf of the Board, that Mr. Burns's x-rays from 1986 through 2006 do not show evidence of occupational pneumoconiosis. He stated that Mr. Burns had 30% lung impairment. He also had a twenty year history of smoking. Dr. Leef opined that 15% impairment due to occupational pneumoconiosis was appropriate. Jack Kinder, M.D., also testified that he found no x-ray evidence of occupational pneumoconiosis. He stated that Donald Rasmussen, M.D., found a score of 127 in a DLVA study while the Board's study, performed after Dr. Rasmussen's, showed a score of seventy-six. Dr. Kinder opined that occupational pneumoconiosis impairment is permanent and not expected to improve over time. Bronchospastic disorders, however, can improve over time. Rajesh Patel, M.D., concurred with Drs. Kinder and Leef.

In July of 2008, the Office of Judges affirmed a claims administrator's decision finding that Mr. Burns was entitled to no more than a 15% permanent partial disability award. The Order was then affirmed by the Board of Review. Mr. Burns again requested additional permanent partial disability based upon a further reduction in his lung function. The claims administrator found that he was fully compensated by his prior 15% permanent partial disability award on January 12, 2012. The Occupational Pneumoconiosis Board testified in a hearing before the Office of Judges on September 18, 2013. Dr. Kinder stated, on behalf of the Board, that Mr. Burns's total respiratory impairment was not due to occupational pneumoconiosis. He explained that when someone has a bronchospastic disease for a long period of time, they become less responsive to medication to treat it. Therefore, if someone is given medication and does not respond to it, that does not mean they do not have a bronchospastic disorder. Any impairment Mr. Burns has above 15% is due to non-occupational causes. Dr. Kinder stated that Mr. Burns has a significant smoking history of a half a pack a day for twenty years. He concluded that Mr. Burns has clinical evidence of occupational pneumoconiosis but no radiographic evidence of it. Mr. Burns asserted in an affidavit that he smoked no more than a third to a half a pack of cigarettes a day. He stated that he would smoke for a few years and then quit for a few, and he smoked for around ten years out of a forty year period.

The Office of Judges affirmed the claims administrator's decision on October 29, 2013. It stated that the Occupational Pneumoconiosis Board testified at a September 18, 2013, hearing that Mr. Burns has total respiratory impairment, and the FEV1/FVC ratios did not change after post-bronchodilator medication. The indication from the ratios is that Mr. Burns suffers from occupational pneumoconiosis. The Office of Judges noted that regulations state that the lack of change after bronchodilator medication can be an indicator of occupational pneumoconiosis. However, when there is no change, it does not mean that there is no obstructive lung disease. The clinical features and other findings were determined to indicate that Mr. Burns suffers from asthma or obstructive lung disease. The Occupational Pneumoconiosis Board testified that Mr.

Burns's x-rays were not sufficient to establish a diagnosis of occupational pneumoconiosis. Six x-rays from 1986 through 2011 were evaluated in reaching this determination. It was noted that there were significant changes between 2006 and 2011 due to cardiac surgery. The 15% permanent partial disability award that was granted previously was a presumptive award. The Board testified that all impairment above 15% is due to non-occupational causes. It noted that Mr. Burns has a significant smoking history. He stated in an affidavit that he smoked no more than a half a pack per day for ten years; however, the Board found that the record shows he smoked a half a pack a day for around twenty years. This was supported by Mr. Burns's carboxyhemoglobin measurement of 2.7, which was clinically elevated, and indicated an association with a combustible product of smoke. The Occupational Pneumoconiosis Board further found that he had 15% impairment in 1997 and total impairment by 2006. The Office of Judges opined that it would be difficult to make a recommendation of increased impairment from 2006 to 2011 when Mr. Burns's impairment has remained the same as far as being a total impairment rating. The Office of Judges noted that he went from 15% impairment to total impairment with no changes on his x-rays to show a progressive lung disease, such as occupational pneumoconiosis. It was further determined that there is still no radiographic evidence of occupational pneumoconiosis. The Office of Judges therefore held that Mr. Burns failed to show that he is entitled to more than 15% impairment for occupational pneumoconiosis. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 21, 2014.

On appeal, Mr. Burns argues that the Occupational Pneumoconiosis Board erred by reducing his impairment by 85% to account for obstructive lung disease and smoking. He asserts there is no evidence of obstructive lung disease. He further argues that there was no definitely ascertainable degree of impairment due to non-occupational causes. Pine Ridge Coal Company, LLC, asserts that the Occupational Pneumoconiosis Board's conclusion that Mr. Burns was fully compensated by his 15% permanent partial disability award is supported by the evidence of record. It further argues that the Office of Judges did not err in showing the Board deference as is required by statute. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The Occupational Pneumoconiosis Board's opinion is consistent with the evidentiary record, and the Office of Judges accorded it proper deference. *Fenton Art Glass Co. v. W. Va. Office of Ins. Comm'r*, 222 W. Va. 420, 431, 664 S.E.2d 761, 772 (2008).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 3, 2015**

3

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II